IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

BENCH WALK LIGHTING LLC,

                            Plaintiff;

v.

LG INNOTEK CO., LTD., LG ELECTRONICS U.S.A., INC., and LG ELECTRONICS INC.,

                            Defendants.

Civil Action No. 20-51-RGA

## MEMORANDUM OPINION

Kimberly A. Evans, Edward M. Lilly, GRANT & EISENHOFER P.A., Wilmington, DE; Bradley D. Liddle, Scott Breedlove, CARTER ARNETT PLLC, Dallas, TX;
    Attorneys for Plaintiff.

Jeffrey J. Lyons, BAKER & HOSTETLER LLP, Wilmington, DE; Kevin W. Kirsch, Columbus, OH; Harry Hyunho Park, Washington, D.C.;

    Attorneys for Defendants.

January 4, 2022



**ANDREWS, U.S. DISTRICT JUDGE:**

Before me is Defendants' motion to dismiss for failure to state a claim. (D.I. 47). I have considered the parties' briefing. (D.I. 48, 51, 53). For the following reasons, Defendants' motion is GRANTED-IN-PART and DENIED-IN-PART.

## I. BACKGROUND

Plaintiff Bench Walk Lighting sued Defendants LG Innotek, LG Electronics USA, and LG Electronics (collectively "LG") for infringement of ten patents that cover various technologies used in LED products. (D.I. 44). The patents-at-suit are U.S. Patent Nos.: 6,325,524 ("the '524 Patent), 6,806,658 ("the '658 Patent"), 7,115,428 ("the '428 Patent"), 7,470,936 ("the '936 Patent"), 7,519,287 ("the '287 Patent"), 7,847,300 ("the '300 Patent"), 7,488,990 ("the '990 Patent"), 9,209,373 ("the '373 Patent"), 9,882,094 ("the '094 Patent"), and 9,887,338 ("the '338 Patent"). (D.I. 44 at ¶ 28). The operative complaint is the Second Amended Complaint ("SAC"). (D.I. 44). LG seeks dismissal of Bench Walk's induced and willful infringement claims. (D.I. 48).

## II. LEGAL STANDARD

### A. Motion to Dismiss

Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the complaint's factual allegations as true. *See id.* at 555-56. The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)."). There must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 665.

### B. Induced Infringement

Section 271(b) of the Patent Act provides, "Whoever actively induces infringement of a patent shall be liable as an infringer." 35. U.S.C. 271(b). "For an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer specifically intended another party to infringe the patent and knew that the other party's acts constituted infringement." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (cleaned up).

### C. Willful Infringement

Under section 284 of the Patent Act, a court can provide for enhanced damages if infringement is found. 35 U.S.C. § 284. Such damages are available "in a case of willful or bad-faith infringement." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 100 (2016). To state a claim for willful infringement, a pleading must allege: "facts from which it can be plausibly inferred that the party accused of infringement (1) had knowledge of or was willfully blind to the existence of the asserted patent and (2) had knowledge of or was willfully blind to the fact that the party's alleged conduct constituted, induced, or contributed to infringement of the asserted patent." *Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*, 2020 WL 4365809, at *5 (D. Del. July 30, 2020).

3

## III. DISCUSSION

### A. Knowledge

To state a claim for both induced infringement and willful infringement, Bench Walk must allege sufficient facts to plausibly show that LG was aware of the patents-in-suit and the infringement. LG argues that Bench Walk has failed to plead knowledge. (D.I. 48 at 1-2). Bench Walk asserts that the SAC pleads three facts supporting knowledge. (D.I. 51 at 6-11). First, a notice letter sent to LG Innotek on May 25, 2019.[1] Second, LG's part ownership in the patent aggregator Intellectual Discovery. Third, service of the original complaint.

LG first argues that Bench Walk has conceded its argument that the notice letter plausibly pleads pre-suit knowledge and is thus precluded from making the argument now. (D.I. 48 at 4). I disagree. While the magistrate judge found (D.I. 36 at 24), and I agreed (D.I. 42 at 9), that Bench Walk conceded the argument in its briefing opposing LG's motion to dismiss the first amended complaint, Bench Walk has submitted a second amended complaint. I will therefore consider Bench Walk's properly raised arguments in the present briefing.

I find that the notice letter sufficiently pleads knowledge for the eight patents-in-suit listed in the letter. The letter lists many LG products and states, "These products, and others made, used, sold, offered for sale, or imported into the United States by LG, infringe many of the patents in [Bench Walk's] portfolio." (D.I. 25-1 at 1-2). The letter then enumerates eleven patents, including eight of the ten patents-in-suit. (*Id.*)

---

[1] In their briefing, the parties also describe the notice letter as "The May 29, 2019 Letter." (D.I. 48 at 2, 4; D.I. 51 at 6). The SAC pleads a date of May 25, 2019 and the notice letter has a date of May 25, 2019. (D.I. 44 at ¶ 67; D.I. 51-1 at 1). Thus, I will refer to the letter as the "May 25, 2019" letter.

LG argues, "There is no tying of any specific claim of any specific patent to any specific feature of any specific product. Thus, the May 25, 2019 letter fails to put [LG Innotek] on notice of how it is alleged to be infringing the patents listed in the letter." (D.I. 48 at 5). There is no requirement that a plaintiff pleads notice of how specific product features infringe specific patents. A plaintiff must plead, as Bench Walk has, that defendants had (1) knowledge of the patents-in-suit and (2) knowledge of infringement. *See Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015). Bench Walk has a case as to the eight patents starting on May 25, 2019.

LG also argues that the notice letter, which is addressed only to LG Innotek, does not put the other defendants on notice. (D.I. 48 at 5-6). Bench Walk responds, "It is a fair inference that LG Innotek shared the Notice Letter with its parent and sister entities that are also involved in the manufacturing and selling the infringing products identified in the notice letter." (D.I. 51 at 8). I agree. The SAC has pled, "Defendants are related entities that operate as part of a corporate group or common business enterprise[.]" (D.I. 44 at ¶ 8). Construing the facts in the light most favorable to Bench Walk, I find that the SAC plausibly alleges notice to all defendants as to the eight patents-in-suit listed in the notice letter.

For the two patents not listed in the notice letter, I agree with LG that Bench Walk has failed to allege pre-suit knowledge. Aside from the May 25, 2019 notice letter, Bench Walk pleads knowledge based on LG's 20% ownership in the patent aggregator Intellectual Discovery. Intellectual Discovery once owned the asserted patents. The SAC alleges:

> Intellectual Discovery focuses on pooling patents to protect South Korean industry, including Korean technology companies such as LG. Additionally, Intellectual Discovery sought to protect LG from enforcement of Plaintiff's patent portfolio. Therefore, LG would have had actual knowledge of Intellectual Discovery's patent portfolio, including the '524 patent.

5

(D.I. 44 at ¶ 44). An ownership stake in such a corporation, without more, is not enough to plausibly plead pre-suit knowledge. Bench Walk argues, "Publicly available information will not uncover the correspondence between Intellectual Discovery and Defendants." (D.I. 51 at 9). This may be true, but there are no facts pled in the complaint that support an inference that LG had actual knowledge of Intellectual Discovery's patent holdings. *Compare SoftView v. Apple*, 2012 WL 3061027, at *6 (D. Del. July 26, 2012) (finding ownership in patent aggregator sufficient to show knowledge where the plaintiff pled that the aggregator provided member companies with updates regarding patents of interest). Thus, I agree with LG that Bench Walk has failed to plead pre-suit knowledge of the '658 and '990 patents and dismiss the pre-suit induced and willful infringement claims in Counts Two and Seven.

Because there is no pre-suit knowledge of the '658 and '990 patents, I will grant LG's motion with respect to post-suit willfulness for Counts One and Seven. As for induced infringement, the service of Bench Walk's original complaint can serve as notice. *See Wrinkl, Inc. v. Facebook, Inc.*, 2021 WL 4477022, at *6-8 (D. Del. Sept. 30, 2021). It is true, as LG argues, that one of the defendants was not named in the original complaint. (D.I. 48 at 8). As discussed above, in this context notice to one entity can be imputed to the other defendants.

Thus, I will grant LG's motion to dismiss pre-suit induced infringement claims and the willful infringement claims in their entirety in Counts Two and Seven. Those claims are dismissed without prejudice.

### B. Count Five Induced Infringement

LG advances another argument regarding Count Five: Bench Walk fails to plausibly allege inducement. (D.I. 48 at 10). Count Five of the SAC alleges, "Defendants' United States website instructs customers to use the '287 Accused Products in numerous infringing

applications" including "incorporat[ing] Defendants' Accused Products in electronic devices such as smartphones and electronic displays using Defendants' provided data sheets and technical manuals." (D.I. 44 at ¶ 152). In a footnote, the SAC states, "LG Innotek's website http://www.lginnotek.com provides data sheet and product manuals that inform its customers of the specifications of the '287 Accused Products and encourage their customers to infringe. *See, e.g.*, Exhibit M." (D.I. 44 at ¶ 152 n.5). Exhibit M is an LG Innotek product catalog.

LG argues that a general citation to a website is insufficient to show inducement, and that the only specific document cited in support of the SAC's allegations "contains no reference any Flash Module 4040 product." (D.I. 48 at 10). Bench Walk responds that (1) the SAC alleges that products "substantially similar" to the Flash Module 4040 also infringe, (2) whether Exhibit M includes the Flash Module 4040 is a factual inquiry that cannot be decided at the motion to dismiss stage, and (3) the website referenced also provides data sheets of substantially similar products. (D.I. 51 at 11-12).

I agree with Bench Walk. At this stage, I am required to accept Bench Walk's well-pled facts as true and draw all reasonable inferences in Bench Walk's favor. *See Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). The facts pled support a reasonable inference that there are products described on LG Innotek's website that infringe the '287 Patent. While it is true that Exhibit M does not specifically reference the "Flash Module 4040" product, there is a reasonable inference that the products in the catalog either incorporate the Flash Module 4040 or are substantially similar to the Flash Module 4040. Thus, I will deny LG's motion to dismiss induced infringement as to Count Five of the SAC.

## IV. CONCLUSION

An appropriate order will issue.

7